___ FILED   ___ ENTERED
___ LODGED  ___ RECEIVED

APR 09 2008   RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

SEA016775 Summons Issued

Hon.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHIGNTON
AT SEATTLE

| | |
|---|---|
| MICHAEL MURPHY and STEVEN GOSLINE,<br><br>Plaintiffs,<br><br>v.<br><br>GREG W. SACKMAN, SCOTT ELLIOTT, GIL KERLIKOWSKE, individually and in his official capacity, and THE CITY OF SEATTLE, a municipal corporation,<br><br>Defendants. | NO. **C08-0555JCC**<br><br>COMPLAINT FOR DAMAGES<br><br>08-CV-00555-CMP |

Plaintiff Michael Murphy, through his attorney, Fred Diamondstone, and Plaintiff Steven Gosline, through his attorney, Michael P. Iaria of Cohen & Iaria, allege:

### I.   PARTIES

1.1. <u>Plaintiff</u>. Plaintiff Michael Murphy is a resident of Seattle, King County, Washington.

1.2. <u>Plaintiff</u>. Plaintiff Steven Gosline is a resident of Seattle, King County, Washington.

1.3. <u>Defendant Greg M. Sackman</u>. Defendant Greg M. Sackman was employed by the City of Seattle as a police officer at all times material to this case. He is a resident of the

COMPLAINT FOR DAMAGES - 1

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

State of Washington. All of his actions in this case were in the course and scope of his duties as a Seattle police officer. Defendant Sackman is sued in his individual capacity.

1.4. <u>Defendant Scott Elliott.</u> Defendant Scott Elliott was employed by the City of Seattle as a police officer at all times material to this case. He is a resident of the State of Washington. All of his actions in this case were in the course and scope of his duties as a Seattle police officer. Defendant Elliott is sued in his individual capacity.

1.5. <u>Defendant Gil Kerlikowske.</u> Defendant Gil Kerlikowske was employed by the City of Seattle as the Chief of Police of the City of Seattle at all times material to this case. He is a resident of the State of Washington. All of his actions in this case were in the course and scope of his duties as Chief of Police of the City of Seattle. Defendant Kerlikowske is a policy-maker for the City of Seattle. Defendant Kerlikowske is sued in his individual and in his official capacity.

1.6. <u>Defendant City of Seattle.</u> Defendant City of Seattle is a municipal corporation organized under the laws of the State of Washington.

## II. JURISDICTION AND VENUE

2.1 <u>Jurisdiction.</u> This Court has personal and subject matter jurisdiction. 28 USC Sec. 1331 and 1343. This Court has supplemental jurisdiction, 28 USC Sec. 1367.

2.2. <u>Claim for Damages.</u> Claims for Damages against the City of Seattle, and naming all individual defendants, were properly filed with the City Clerk on January 3, 2008 (for Plaintiff Murphy) and on January 11, 2008 (Plaintiff Gosline). More than 60 days have elapsed since the Claims were filed.

2.3. <u>Venue.</u> Venue is properly in the Western District of Washington.

## III. FACTS

3.1 <u>Facts.</u> On April 13, 2005, as Plaintiffs were approaching a club in the Capitol Hill neighborhood of Seattle, they encountered Seattle Police Sergeant Greg M. Sackman, who had positioned himself near the entrance to the club and was surveilling the club

COMPLAINT FOR DAMAGES - 2

Fred Diamondstone
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

entrance, the club interior and the doorman. As another party, including Maikoiyo Alley-Barnes, left, one individual, Thomas Gray, sought to engage Sgt. Sackman in a greeting, but Defendant Sackman was not receptive. Mr. Gray, Mr. Alley-Barnes and a third member of their party simply departed, but Mr. Gray dropped some item on the ground. In response to a statement from Sgt. Sackman, Mr. Gray picked up the item, but he was not permitted to leave the scene by Sgt. Sackman. Sgt. Sackman then undertook an "investigation" and ultimately charged Mr. Gray with the offense of littering, notwithstanding the fact that he had picked up the item following the Sergeant's comment. Detention of Mr. Gray for purposes of conducting an investigation was unlawful under Washington law. As the sergeant proceeded with his "investigation," Alley-Barnes calmly questioned Defendant Sackman. Alley-Barnes observed the littering investigation proceed from a short distance. At this time, Plaintiffs initially approached the scene. Plaintiffs did not threaten, nor interfere; Plaintiff Murphy remained nearby, while Plaintiff Gosline left the area briefly for an errand, but returned soon. During this time, a second police vehicle arrived, apparently in response to a request for backup from Defendant Sackman. The second police vehicle was operated by officer Brian M. Hunt. Hunt and other police officers who arrived soon thereafter then used what appeared to be excessive physical force on Mr. Alley-Barnes in the street. That force inflicted substantial and visible injuries to Alley-Barnes. Plaintiffs observed and witnessed the beating from the nearby sidewalk. Plaintiff Murphy called out "That's way too much" and other comments to dissuade the police from continuing to beat Alley-Barnes. Plaintiff Gosline documented the beating by taking pictures with his camera-phone. Neither Plaintiff Murphy nor Plaintiff Gosline obstructed nor in any way interfered with or delayed the actions of any police officers at the scene. While Plaintiffs were witnessing the beating of Mr. Alley-Barnes, plaintiffs were sprayed in the face with noxious chemicals by Defendant Sackman, without reasonable cause. After Alley Barnes was taken into custody, Defendant Sackman directed Defendant Elliott to arrest of Plaintiff Murphy. Elliott commented that the

COMPLAINT FOR DAMAGES - 3

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

incident occurred because of Plaintiff Murphy's "mouth." Defendant Elliott used excessive and unnecessary force when he took Plaintiff Murphy into custody, by pushing him to the ground, even though Elliott knew that Murphy was non-resistant. Plaintiff Gosline was leaving the area and entering the adjacent business, the night club to which he had been going in the first place, when Sackman or others directed Gosline's arrest and arrested him.

    3.2    <u>Seizure of Gosline's Cell Phone</u>. The unlawful arrest of Gosline was accompanied by the seizure of his cell phone. When the cell phone was returned to him the next day, the photographs that he had taken of the Alley-Barnes beating had been deleted.

    3.3    <u>Charges and Acquittals</u>. As a cover-up for the apparent use of excessive force against Mr. Alley-Barnes, Defendant Sackman and other officers initiated the process of arresting and charging these Plaintiffs for obstruction. These charges were initiated without merit or probable cause. At the conclusion of the prosecution, on the fourth day of trial, Seattle Municipal Court Judge Jean Rietschel dismissed the charges against Plaintiffs, due to lack of evidence.

    3.4    <u>Prior History of Misconduct</u>. Defendant Sackman had previously been the subjects of other complaints of misconduct and Sgt. Sackman had previously engaged in other reckless conduct which resulted in injury to another officer.

    3.5    <u>Failures to Train and Discipline</u>. Defendant Chief Kerlikowske has failed to follow recommendations from Seattle police auditor, Katrina Pflaumer to train police officers to prevent minor incidents from escalating into major confrontations as recommended by police auditor Pflaumer in her reports covering the period January through September 2004 and October 2004 through March 2005. Prior to Ms. Pflaumer's recommendations, the previous auditor, former Judge Terrence Carroll, also suggested action be taken with respect to police overreaction. The failure of Defendant Kerlikowske to follow these repeated recommendations, including recommended training for de-escalation techniques, represents a policy decision by Defendants Kerlikowske and the City of Seattle to allow police officers

COMPLAINT FOR DAMAGES - 4

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

and first line supervisors to escalate minor incidents, such as Mr. Gray's littering incident, into major police confrontations involving the use of force, which proximately caused the Plaintiff's damages in this case. Additionally, Defendant Kerlikowske has failed to follow recommendations for discipline up the chain of command through the process of internal investigation by the Office of Professional Accountability, which has also encouraged police lawlessness. These actions by Police Chief Kerlikowske are also customs, practices and policies of the City of Seattle with respect to allowing a level of police brutality to occur.

3.6   Concealment of Evidence. Defendant Seattle failed to provide exculpatory evidence, specifically the video-tape from Officer Elliott's patrol car, until after the charges against these plaintiffs had already been dismissed. The withholding of evidence by Seattle Police officials, including Seattle Police Legal Advisor Leo Poort, caused the Seattle Municipal Court to ultimately dismiss the assault and obstruction charges against Alley-Barnes, as well..

3.7   Agency. The actions of Defendants Sackman, Elliott and Kerlikowske, as well as those City officials and employees who withheld evidence, were all carried out by these individuals as employees of the City of Seattle, within the scope of employment. At all times Defendants Sackman, Elliott and Kerlikowske and the officials who withheld exculpatory evidence were acting as agents of the City of Seattle.

3.8   Racial Discrimination. Plaintiff Murphy is African American; Plaintiff Gosline is Caucasian but was perceived to be an associate of Mr. Murphy. This incident arose in relation to the unlawful investigation of Thomas Gray for littering and the unlawful arrest of Maikoiyo Alley-Barnes, initially for obstruction. Both Mr. Gray and Mr. Alley-Barnes are African-Americans. The City of Seattle and its Police Department has a policy, practice and/or custom of arresting African-Americans, and their known associates, for the crime of obstruction at a significantly higher rate than Caucasians.

COMPLAINT FOR DAMAGES - 5

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

3.9 <u>Injuries and Damages</u>. As a proximate result of the facts alleged above, Plaintiffs suffered loss of liberty, physical and emotional injuries from the beating, false arrest and incarceration during the morning hours of April 13, 2005 and further damages including emotional distress and attorneys' fees, in Gosline's case, incurred to respond in court and obtain the dismissal of the charges. Plaintiff Gosline also lost income.

## IV. CAUSES OF ACTION

4.1 <u>First Cause of Action</u>. Defendants Sackman, Elliott and the City of Seattle are liable to Plaintiff Murphy and Defendants Sackman and Seattle are liable to Gosline for the tort of assault.

4.2 <u>Second Cause of Action</u>. Defendants Sackman, Elliott and the City of Seattle are liable to Plaintiff Murphy and Defendants Sackman and Seattle are liable to Gosline for the tort of false arrest.

4.3 <u>Third Cause of Action</u>. Defendant City of Seattle is liable to Plaintiffs Murphy and Gosline for the tort of malicious prosecution.

4.4 <u>Civil Rights Violations</u>. Defendants Sackman and Elliott are liable to Plaintiffs for the violation of their civil rights proximately resulting from unlawful arrest, search and seizure, including the seizure of Plaintiff Gosline's cell phone and the destruction of evidence from that phone, in violation of the Fourth and Fourteenth Amendments and 42 USC Sec. 1983. Defendant Sackman is liable to plaintiffs Murphy and Gosline for the use of excessive and unreasonable force in using noxious chemicals to spray them in the face. Defendant Elliott is also liable to Plaintiff Murphy for the use of excessive force when Murphy was pushed to ground by Elliott at the time of arrest.

4.5 <u>Civil Rights Violations</u>. Defendant Kerlikowske is liable to Plaintiffs pursuant to 42 USC Sec 1983 for the failure to adequately train and supervise and discipline police officers, including Defendant Sackman, with respect to the Fourth Amendment, as well as the Fourteenth Amendment's equal protection provision. To the extent that

COMPLAINT FOR DAMAGES - 6

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

1  Defendant Kerlikowske's actions were with callous indifference or reckless disregard to the
2  rights of Plaintiffs and similarly situated individuals, Defendant Kerlikowske is liable for
3  punitive damages.

4      4.6    Civil Rights Violations. The City of Seattle is liable to Plaintiffs for violation
5  of Plaintiffs' civil rights to the extent that the failure to train, supervise and discipline police
6  officers, with respect to the Fourth Amendment, as well as the Fourteenth Amendment's
7  equal protection provision. is a policy, practice or custom of the City of Seattle. 42 USC Sec.
8  1983.

9      WHEREFORE, Plaintiffs pray for the following relief:

10      A.    Damages and punitive damages in an amount to be proven at trial. Plaintiffs
11  seek punitive damages against all defendants other than the City of Seattle;

12      B.    Costs and reasonable attorney's fees; and

13      C.    Such other and further relief as the Court deems just and proper.

14  DATED this __17__ day of March, 2008.

**LAW OFFICES OF FRED DIAMONDSTONE**

Fred Diamondstone, WSBA No. 7138
Attorney for Plaintiff Murphy

**COHEN & IARIA**

Michael P. Iaria, WSBA No. 15312
Attorney for Plaintiff Gosline

COMPLAINT FOR DAMAGES - 7

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX